In the Matter of ALFRED F. MATULJAK, Petitioner, v. ARTHUR CORNELIUS, JR., Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review and annul a determination of the Superintendent of State Police suspending petitioner, a Sergeant in the State Police, for five days, placing him on probation for six months and censuring him. At about 1:50 A.M. on August 31, 1961 petitioner apprehended a 17-year-old boy entering a closed exposition booth on the New York State Exposition grounds. Petitioner directed the youth to enter his car and interrogated him. After ascertaining the youth's activities petitioner simultaneously reached for his car radio transmitter and his hand-

cuffs. Before he could secure the handcuffs the youth bolted from the car. Petitioner hastened to pursue the fleeing youth but was momentarily delayed when his foot became entangled in his transmitter wire. As a result, the boy had a head start of 40 to 50 feet as pursuit commenced. Petitioner then noticed a second figure running from behind another booth. At this point petitioner drew his revolver and fired a shot in the air. The first youth stopped and was arrested, handcuffed and eventually turned over to the Bureau of Criminal Investigation. Two and one-half hours later the second youth, 18 years old, was apprehended and was determined to have been the "look-out". Subsequently, departmental charges were brought against petitioner on the grounds that, in violation of State Police Regulations, (1) he failed to properly secure custody after apprehending the youth as a result of which the youth escaped, and (2) he fired a warning shot. It is to review a determination of guilt on these charges for which petitioner brings this proceeding. On questions of fact our review is of course limited to determining if there is substantial evidence to support the Superintendent's finding (e.g., *People ex rel. Brown* v. *Greene,* 106 App. Div. 230, affd. 184 N. Y. 565). The Superintendent's determination on the facts is conclusive when the evidence is conflicting and contradictory. Petitioner, concededly, did not follow what he admittedly knew to be the correct arrest procedure. The fact that his deviation was slight or minimal is not within our province to consider. Similarly petitioner asserts that he fired his revolver to summon assistance when confronted with what he believed to be an emergency, but the record contains evidence that petitioner prior to firing yelled "Stop or I'll shoot" and thus the Superintendent could properly find that the shot was fired as a warning. We do not find the Superintendent's memorandum order prohibiting warning shots to be in contradiction of State statutes or so unreasonable in purport or indefinite and ambiguous that it must be considered a nullity. Determination modified to the extent that the following words are deleted from the letter of censure: "It is noted further, however, that on two other occasions in the past calendar year it has been necessary to criticize you for other derelictions reflecting seriously on your ability to execute the duties required of you." and, as so modified, confirmed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.