■ In the Matter of MAURICE L. RICHARDSON, Petitioner, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York State Police, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of the Division of New York State Police which dismissed the petitioner from his employment. Petitioner joined the Division of New York State Police on June 23, 1966 and, on June 27, 1975, while in the performance of his assigned duties, was involved in a motor vehicle accident as a result of which he received personal injuries. After a physical examination by the assistant division physician on December 23, 1975, petitioner was ordered to return to his regular duties on January 10, 1976. After reporting as ordered, petitioner went on patrol but, after four hours, contended that he was unable to continue because of the intensity of pain in his back and shoulder, and he left the station and returned to sick leave. On June 9, 1976 petitioner was

examined by another division physician who was unable to discover any reason why petitioner could not return to the performance of his normal duties. A request by the division that he do so on June 24, 1976 was followed by events and circumstances almost identical to those which occurred on January 10, 1976. A third request that petitioner return to work came on July 16, 1976 and, after two hours of patrol duty, petitioner returned to the station where he was ordered to remain on duty and to perform light administrative duties. When petitioner stated that he could not do this because he had to go home and lie down and rest but that he would try them another time, he was advised that he would be violating a direct order if he left. Nonetheless, petitioner signed out as physically disabled and left the station. On July 23, 1976 the petitioner was formally charged with (1) failure to obey a lawful order by competent authority, (2) showing a reluctance to properly perform his assigned duties, and (3) knowingly causing a false entry to be made in the records of the division. Following a disciplinary hearing, the hearing board in its decision found the petitioner guilty of all charges and recommended that he be dismissed from the Division of New York State Police. Thereafter the Superintendent accepted the findings and conclusions of the hearing board and dismissed the petitioner, but suspended the execution of the penalty upon the condition that petitioner be suspended without pay for 30 days and then return to duty on probation for a six-month period. Rejecting the conditions, petitioner commenced this article 78 proceeding wherein he seeks review of the Superintendent's determination. Since petitioner based his defense to the charges upon his physical disability, the Superintendent's decision was a rejection of that defense and a finding that the petitioner was physically able to return to duty, and only that narrow issue is presented for review. At the outset it should be noted that the scope of review of administrative determinations is severely limited but well established in New York. In *Matter of Pell v Board of Educ.* (34 NY2d 222, 230), the Court of Appeals stated: "In article 78 proceedings, 'the doctrine is well settled, that neither the Appellate Division nor the Court of Appeals has power to upset the determination of an administrative tribunal on a question of fact; * * * "the courts have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is 'substantial evidence.' " ' " The hearing board and the Superintendent have found as a fact that the petitioner was physically able to perform his assigned duties on July 16, 1976 and our only function here is to determine whether or not that determination is supported by substantial evidence, or, put another way, whether the determination is "rational" *(Matter of Pell v Board of Educ., supra)*. We conclude that the determination is supported by substantial evidence and that support is provided through the testimony of Dr. Clark, an orthopedic surgeon, who, after examination of the petitioner, review of X-ray films and while aware of the petitioner's doctor's diagnosis, unequivocally testified that he could discover no objective finding relative to the complaints made to him by the petitioner and that he was unable to find any reason why he could not continue his full and strenuous duty as a New York State Trooper. True it is that the testimony of two doctors called by the petitioner is in conflict with and at odds with Dr. Clark's testimony, thus giving rise to questions in fact. However, on questions of fact arising in proceedings involving the discipline of the members of the police force under the jurisdiction of the Superintendent of State Police, his determination on the facts is conclusive when the evidence is conflicting and contradictory—when there is, as here, substantial evidence to support the findings *(Matter of McGrath v Kirwin,*

32 AD2d 700, app dsmd 25 NY2d 734, mot for lv to app den 25 NY2d 744; *Matter of Matuljak v Cornelius,* 19 AD2d 921; cf. *People ex rel. Guiney v Valentine,* 274 NY 331). Accordingly, the determination must be upheld. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.