■ In the Matter of NELSON R. WAITE, Petitioner, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York State Police, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which found petitioner guilty of certain charges following a disciplinary hearing and imposed upon petitioner as a penalty a fine of $100, a probationary period of three months and a letter of censure. Petitioner was a member of the New York State Police when, at approximately 5:00 P.M. on October 14, 1977, he was instructed to respond in his patrol car to an emergency on Gooseneck Road, Town of Ashford in western New York. In the course of driving to the scene of the emergency, petitioner admittedly proceeded down Eddie Road, a two-lane county road with which he was familiar, at approximately 70 miles per hour, and upon attempting to make a left-hand turn at the intersection of Eddie Road and Dutch Hill Road, he lost control of his vehicle which went into a skid, crossed Dutch Hill Road and crashed into an embankment. As a result of this mishap, the State Police vehicle was extensively damaged, and,

pursuant to the disciplinary rules of the Division of the New York State Police (9 NYCRR Part 479), petitioner was served with charges and specifications alleging that he negligently and carelessly damaged his assigned patrol car while on duty on October 14, 1977. There followed an evidentiary hearing on the charges and specifications before a hearing board on February 21, 1978 at the conclusion of which petitioner, with the advice of counsel, signed a written waiver which was admitted into evidence. By the terms of the waiver petitioner consented to the hearing board and respondent, rendering their respective determinations in this matter without the benefit of the hearing transcript, and ultimately the board found that petitioner was guilty of all the charges and specifications against him and recommended that he receive a letter of censure from respondent. Following his own independent appraisal of the charges and specifications and the factual findings and conclusions of the board, respondent agreed with the board's determination of guilt, but imposed as a penalty on petitioner a $100 fine and a three-month probationary period in addition to the letter of censure recommended by the board. The instant proceeding ensued. Initially, we find without merit petitioner's contention that the determination as to his guilt was not supported by substantial evidence. Petitioner concedes that he was traveling on the two-lane county road at 70 miles per hour, and, even though he was familiar with the road, he obviously approached the intersection at an extremely high rate of speed because his vehicle left skid marks measuring 273 feet. With such evidence as this, there is clearly substantial evidence to support a finding that petitioner operated the patrol car in a negligent and careless manner even though conflicting and contrary testimony was also presented (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Richardson v Connelie,* 65 AD2d 654). Similarly without substance is petitioner's other contention that respondent's modification of the hearing board's recommendation as to penalty was arbitrary and capricious and denied petitioner due process of law. The basis of this argument by petitioner is that respondent modified the board's determination so as to increase petitioner's penalty without the benefit of a transcript of the evidentiary hearing. It is uncontested that respondent had the authority to overrule the board, however, and in this instance after his own independent evaluation of the charges and specifications and the board's factual findings and conclusion, he adopted the board's finding as to petitioner's guilt and took only the limited action of increasing the penalty to be imposed therefor. Moreover, any claimed due process requirement that prohibited respondent from modifying the board's recommendation unless he had first reviewed the hearing transcript was plainly waived by petitioner when, pursuant to the signed waiver in evidence, he consented to respondent rendering his decision without a transcript (cf. *Farrell v Carey,* 62 AD2d 583, app dsmd 45 NY2d 832, cert den 440 US 914; *Antinore v State of New York,* 49 AD2d 6, affd 40 NY2d 921). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.