■ In the Matter of KARL A. ZEGGERT, Petitioner, v WILLIAM CONNELIE, as Superintendent of the New York State Police, et al., Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the Superintendent of the New York State Police suspending petitioner from his position without pay for 60 days and imposing six months' probation. Five disciplinary charges were preferred against petitioner, a State trooper, four of which related to his activities in connection with a State Police investigation into a murder conspiracy. Charges Nos. 1 and 2 alleged that he improperly disclosed information about the investigation to persons outside the State Police. Charge No. 3 alleged that petitioner disobeyed an order not to disclose the identity of an informant involved in the case. Charge No. 5 alleged that petitioner: "Acted in a manner tending to bring discredit upon the Division, failed to assume responsibility and exercise diligence and intelligence in the performance of his duties, and engaged in misconduct, in violation of 8.41 of the Regulations of the New York State Police." Specification No. 2 under Charge No. 5 asserted that petitioner's misconduct "became known to other persons outside the Division of the State Police, tending to bring discredit upon the Division of the State Police." Specification No. 3 alleged that petitioner: "having become aware of the investigation and the conspiracy to murder Robert Story, and having become aware of the identity of the informant and aware of the sensitivity of the investigation and the dangerous consequences that might well ensue from the improper handling of the facts of the investigation, failed to assume the responsibility imposed upon him to follow the orders of the senior investigators in the BCI handling the case and to exercise intelligence in the sensitivity of the information which he possessed." The hearing board concluded that petitioner was not guilty of improperly disclosing information as alleged in Charges Nos. 1 and 2, and that he was not guilty of Charge No. 3. However, the board found that petitioner was guilty of Charge No. 5, Specifications Nos. 2 and 3 thereunder. Respondent adopted the hearing board's findings of fact and conclusions, suspended petitioner without pay for 60 days and placed him on probation for six months. In this transferred article 78 proceeding, petitioner contends, *inter alia,* that the findings of fact on which his conviction for Charge No. 5 rested were outside the scope of the charges. We agree. It is settled that the notice of charges must sufficiently apprise the party so as to enable him to adequately prepare and present a defense *(Matter of Fitzgerald v Libous,* 44 NY2d 660, 661; *Matter of Bateman v City of Ogdensburg,* 55 AD2d 781) and that a person may not lose substantial rights because of wrongdoing proved but not charged *(Matter of Murray v Murphy,* 24 NY2d 150, 157). Here the notice of charges focused exclusively on petitioner's improper disclosure of information, of which he was found not guilty. Respondent found, however, that petitioner was guilty of Specifications Nos. 2 and 3 of Charge No. 5 because he failed to report to any division member that he knew that the intended victim had knowledge of the conspiracy to cause his death, and that his failure to report such crucial information unnecessarily jeopardized the investigation. The failure to report information to the proper offices was simply not charged as a ground of misconduct, and an examination of the proceedings at the hearing reveals that petitioner centered his defense solely around the improper disclosure charges. Since petitioner was not fully informed of the nature of the charges against him, the determination of guilt under Charge No. 5 must be annulled. Petitioner admitted Charge No. 4, which alleged that he had

permitted unauthorized persons to accompany him on patrol in a division vehicle. Accordingly, the matter must be remitted to respondent for determination of an appropriate sanction (see *Matter of Harris v Mechanicville Cent. School Dist.,* 45 NY2d 279, 285; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-234). Determination annulled, petition granted, and matter remitted to respondent for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Main, Casey and Herlihy, JJ., concur.