■ In the Matter of KARL A. ZEGGERT, Petitioner, v WILLIAM G. CONNELIE, as Superintendent of the Division of the New York State Police, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the Superintendent of State Police, which, after a hearing, dismissed petitioner from the Division of State Police. The seven separate charges and accompanying specifications against petitioner arose as a result of a State Police investigation of alleged custodial interference initiated by Connecticut police when a child was discovered missing from her father's home in Connecticut on June 3, 1979. The mother of the child, Catherine A. Sheak, petitioner's girlfriend with whom he was then residing, was thought to be implicated in the disappearance of the child.

Actually, she had, with petitioner's consent, taken his personal vehicle to Connecticut to visit her daughter, and thereafter unlawfully removed her daughter to New York and left her with her maternal grandmother at Harpersville, New York, a hamlet near the City of Binghamton. In the first instance, Ms. Sheak steadfastly denied even being in Connecticut at the time of her daughter's disappearance. When the New York State Police at Binghamton, where petitioner was assigned, became actively involved in the investigation, petitioner was directed by his immediate superior not to become involved in the investigation, and others were assigned to pursue the matter. Contending that there was no such order prohibiting his participation, petitioner became actively involved in the investigation which, among other things, resulted in his confrontation with Catherine Sheak, followed by physical contact with her, which precipitated a complaint by her to petitioner's superiors of physical abuse. A detailed recitation of all the facts and circumstances is unnecessary, for the critical issue underlying all of the charges is whether or not petitioner received a direct "order" not to become involved in the investigation of the missing child. Petitioner's superior officer testified at the hearing that his direction to petitioner not to become involved in the investigation was a direct order. This version was accepted by the hearing officer and incorporated in the ultimate determination of the superintendent. The finding that petitioner failed to obey a lawful order is supported by substantial evidence in the record. Support is also found for the finding of guilt on other charges related to his participation in the investigation and his direct involvement with Catherine Sheak. Accordingly, the determination must be confirmed (*Matter of Richardson v Connelie,* 65 AD2d 654). Petitioner also contends that the punishment of dismissal is excessive and based in large part upon prior charges of misconduct subsequently annulled on appeal (see *Matter of Zeggert v Connelie,* 74 AD2d 977). We find this argument unpersuasive. Considering the severity of the charges upon which petitioner was found guilty, we cannot say the penalty imposed was so disproportionate to the offense as to be shocking to the court's sense of fairness (see *Matter of Leake v Connelie,* 75 AD2d 912). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Levine, JJ., concur.