■ In the Matter of MABEL EPPLER, Petitioner, v JAMES R. VAN ALSTYNE, as Commissioner of the Columbia County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Columbia County) to review determinations of the Commissioner of Social Services of Columbia County, which (1) sustained charges that petitioner committed certain acts of misconduct and terminated petitioner's employment with the Department of Social Services of Columbia County; and (2) suspended petitioner, pending the determination of said charges, for a period beyond January 22, 1982. The principal issue in this proceeding is whether hearsay testimony supported only by circumstantial evidence constituted substantial evidence sufficient to support a determination that petitioner, a nurse's aide, was guilty of inappropriate physical contact with a female patient at the Pine Haven Nursing Home operated by Columbia County, causing injury to the patient's left thumb. Following an extensive hearing at which many witnesses testified,

the hearing officer found petitioner guilty of the charge and recommended dismissal. Respondent Commissioner of Social Services adopted the report and dismissed petitioner, giving rise to this proceeding. The record reveals that not one witness was present at the time of the alleged incident and that all of the testimony of each witness concerning the incident was based on pure hearsay. The patient did not testify and petitioner denied the charge. Careful examination of the testimony leads to the inescapable conclusion that the patient suffered from mental disorders diagnosed as senile depression as well as Parkinsonism and anorexia. Her symptomatology included catatonic episodes, crying, lack of co-operation, hostility toward facility employees, refusal to take food or medication, self-infliction of injuries by throwing herself on the floor or climbing over bed siderails with resultant bruises to her head, shoulders, arms, back, hip, knees and legs, hallucinations of being gassed by unknown persons and paranoid ideations, false accusations of abuse by facility employees, resistance when being dressed including tearing of clothing, attempting suicide, and throwing food trays on the floor. She was under the care of a psychiatrist and was on a regimen of psychotropic drugs. Documentary evidence, including nurses' notes and doctors' instructions, substantiated the symptoms. Against this factual background of the patient's medical history and conduct, the hearing officer and respondent chose to accept as substantial evidence of guilt the hearsay testimony of employees based solely on the accusation of the patient that "Mabel hurt me. She broke my thumb." Several of the witnesses testified that their only knowledge of the incident was gained from other employees. The circumstantial evidence relied upon to buttress the determination consisted only of the fact that petitioner was alone with the patient before the accusation was made and that the patient did, indeed, have an injury to her left thumb as shown by the testimony and photographs. The hearing officer improperly interjected himself by soliciting incompetent opinion testimony from witnesses as to "how the injury could have been incurred". He rejected petitioner's explanation that the patient injured herself while ripping her dress despite the fact that said dress was in fact proven to have been ripped at the time when the injury was discovered. We hold the determination to be contrary to the evidence in the record, unsupported by substantial evidence, and arbitrary and capricious. The petition is granted, the determination annulled and respondents are directed to reinstate petitioner to her former position together with all accrued wages and benefits retroactive to May 27, 1982, the effective date of petitioner's termination. We further note that petitioner should have been reinstated to the payroll as of January 23, 1982 and is entitled to back pay from January 23, 1982 to February 2, 1982, when she was actually reinstated from a 30-day suspension that commenced December 22, 1981 (Civil Service Law, § 75, subd 3). Petition granted and determination annulled, without costs; respondent is directed to reinstate petitioner to her former position with salary and benefits retroactive to May 27, 1982, and to reinstate petitioner to the payroll from January 23, 1982 to February 2, 1982, with full back pay. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.