*451 OPINION OF THE COURT
Jasen, J.
On this appeal, we are asked to decide whether the Suffolk County Police Department’s rule which bars members of the police department from associating or fraternizing with “persons known to have been convicted of any misdemeanor or felony under the laws of this state or any similar conviction under the laws of any other state or under the Federal Law” is unconstitutionally overbroad.
Petitioner, a Suffolk County police officer, brought this proceeding seeking a review of a determination of the police commissioner which accepted the decision of a hearing officer that petitioner had violated the department’s antiassociation rule[1] and recommended forfeiture of 10 days’ accrued vacation time as a penalty. At the hearing, it was determined that petitioner had been a close friend of “Jukebox Tony” for five years when an officer from internal affairs advised petitioner that “Jukebox Tony” was a convicted felon and petitioner should stay away from him. Although petitioner agreed to terminate the friendship, he instead questioned his friend about the officer’s information. “Jukebox Tony” explained that the conviction was nearly 20 years old and he showed petitioner a certificate of relief from civil disabilities.[2] On the basis of the length of time that had passed since the conviction and the certificate of relief, petitioner decided that it would not violate the department’s rule to continue his friendship with “Jukebox Tony”.
Approximately 14 months later, a different internal affairs officer who was investigating a report that another officer was employed by “Jukebox Tony” on a part-time basis observed petitioner in the company of “Jukebox *452 Tony”. Petitioner was then charged with violating the department’s rule and a hearing was held pursuant to section 75 of the Civil Service Law.
At the hearing and in this proceeding, petitioner has argued that the department’s regulation is unconstitutionally overbroad because it proscribes associating with anyone who was at any time convicted of any crime except for Vehicle and Traffic Law violations and such an all-inclusive proscription is unnecessary to protect the integrity of the police department.
It is well established that it is within the State’s power to regulate the conduct of its police officers even when that conduct involves the exercise of a constitutionally protected right. (Matter of Purdy v Kreisberg, 47 NY2d 354, 360-362.) Certainly, the State has a legitimate concern and interest in maintaining the independence and integrity of the police force, it is beyond cavil that those interests are protected by a regulation which forbids police officers from associating or fraternizing with persons known to have been convicted of a crime.
Equally apparent is that a regulation such as is being challenged may well impose upon an individual officer’s First Amendment right of association. The Supreme Court has held that when fundamental personal liberties. are subject to government regulation “even though the governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved.” (Shelton v Tucker, 364 US 479, 488.)
In this case, the governmental purpose is to insure the integrity of the police department and to avoid conflicts of interest on the part of those charged with enforcing the law. Petitioner contends that these goals could be reached by a regulation which did not encompass all those convicted of crimes regardless of the nature of the infraction, the amount of time that has passed since the conviction or the nature of the association between the officer and the other person. It is, of course, entirely possible and perhaps preferable that such a regulation be written in such a manner so as to allow some associations, such as those with *453 relatives, despite a criminal conviction. In deciding whether a statute is unconstitutional on its face, however, the Supreme Court has also stated that where conduct as well as speech, or, in this case, the analogous right of association, is involved, “the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute’s plainly legitimate sweep.” (Broadrick v Oklahoma, 413 US 601, 615.)
We hold that this regulation effectuating as it does a valid governmental concern with the integrity of law enforcement has a broad legitimate sweep because the concern encompasses the public’s perception of a police department’s conduct as perceived through the conduct of the individual officers. Any indication that the officers are corrupt or inclined to give preferential treatment will necessarily erode the public’s belief in the integrity of its police officers and police department. Judged in relation to that legitimate purpose we conclude that this regulation passes constitutional muster in that it is not impermissibly overbroad.
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer and Simons concur.
Judgment affirmed, with costs.

. Section 5.6 of chapter 2 of the Suffolk County Police Department Rules and Procedures provides: “No member of the Force is to associate or fraternize with persons known to have been convicted of any misdemeanor or felony under the laws of this state or any similar conviction under the laws of any other state or under the Federal Law. A conviction under this rule shall not mean a conviction for any offense under the Vehicle and Traffic Law or a violation of an ordinance of a political subdivision of this state.”

. Granting of certificate of relief from civil disabilities does not eradicate or expunge the underlying conviction. (Able Cycle Engines v Allstate Ins. Co., 84 AD2d 140, 145, mot for Iv to app den 57 NY2d 607.)