■ In the Matter of BARRY D. MARTIN, Petitioner, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York State Police, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain regulations of the New York State Police. Petitioner, a New York State trooper assigned to a substation in Warnerville, New York, was scheduled to report for duty at 11:00 P.M. on Friday, January 29, 1982 until 7:00 A.M. on January 30, 1982. At approximately 10:25 P.M. on January 29, petitioner telephoned the

Fonda station and reported that he was unable to report for duty because he was suffering from a fever, sore throat and nausea. Since another officer was also on sick leave, the patrol coverage of the area to which petitioner was assigned was reduced by 50%. Sergeant Norman Denny, who was acting zone commander for petitioner's shift, testified that he phoned petitioner at his home several times between 12:10 A.M. and 2:40 A.M. on January 30, 1982, but no one answered. In the course of his patrol, he also drove past petitioner's house several times and noted that the house was dark, no cars were in the driveway, and there were no tracks in the newly fallen snow. Additionally, no one responded when Sergeant Denny knocked on the door at 1:00 A.M. The sergeant made his last call to petitioner's residence at 2:40 A.M. without receiving an answer. Shortly after this last call, petitioner phoned the substation and asked Sergeant Denny if he had been trying to reach him. Petitioner testified that he had been asleep all evening with his upstairs bedroom phone unplugged and the doors to his bedroom and to the stairs shut so that he had been unable to hear either the downstairs phone ring or the knocking on the door. When he finally awoke, petitioner stated, he heard the downstairs phone but was unable to answer it in time. He further testified that his car had not been in the driveway because his girlfriend had borrowed it. Sergeant Denny immediately drove to petitioner's residence where petitioner's car was now parked outside and two sets of footprints in the snow led from each side of the car into the house. Sergeant Denny was admitted to the house by petitioner's girlfriend. There he noted two winter coats draped over the couch. He spoke to petitioner who showed no symptoms of illness but who appeared "glassy-eyed", as though he had been drinking. Petitioner was ultimately charged with causing a false entry to be made in the State Police records by falsely reporting himself sick and he was further charged with misconduct. The hearing board sustained these charges and recommended that petitioner be given a letter of censure and suspended for five days without pay. Respondent adopted this recommendation. The sole issue raised for our review is the credibility of the witnesses. In reviewing this administrative decision, however, it is not the role of this court to weigh the evidence presented to the agency (*Matter of Glashow v Allen,* 27 AD2d 625, 626, mot for lv to app den 19 NY2d 581), but to determine if the agency's ultimate conclusion is based on substantial evidence (*Matter of Collins v Codd,* 38 NY2d 269, 270). Given the evidence set forth above, we find that there was sufficient evidence to justify the commissioner's determination (see *Matter of Currie v Connelie,* 86 AD2d 716, 717). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Casey, and Levine, JJ., concur.