■ In the Matter of MICHAEL J. GADWAY, Petitioner, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York State Police, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of the Division of New York State Police which disciplined petitioner after finding that he was guilty of violating certain regulations of the State Police. ¶ Steven Laundree, in a letter to the New York State Police, alleged that petitioner, a State policeman at the Plattsburgh/Peru substation, had been guilty of misconduct. Laundree claimed that petitioner used vulgarities and profanity when he entered the substation to file a complaint of vandalism and damage to his automobile. Following investigation, petitioner was served with charges of treating Laundree in a discourteous, undignified and unbusinesslike manner, and also with allowing an unauthorized person beyond the complaint desk. On June 29, 1982, the first deputy superintendent notified petitioner that he had violated rules and would be suspended without pay for two days and put on probation for three months. Upon petitioner's rejection of this disposition, formal written charges and specifications were served on August 26, 1982. Following a hearing, the charges were sustained. The superintendent adopted the findings, suspended petitioner for 30 days, 15 of which were deferred, and placed him on probation for six months. This CPLR article 78 proceeding was commenced seeking annulment of that determination. ¶ Initially, we hold that, in our view, the testimony of the witnesses and admissions of petitioner provide substantial evidence to support the administrative determination. The complainant's testimony was in effect corroborated by petitioner, who, while denying guilt, admitted using vulgarities, permitting his girlfriend to deliver his food into a restricted area, and failing to inspect the damaged vehicle or otherwise investigate the complaint. Since the standard of review is whether the record contains substantial evidence to support an administrative determination, we find ample basis in this record to confirm (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230; *Matter of Waite v Connelie,* 70 AD2d 964, 965; *Matter of Richardson v Connelie,* 65 AD2d 654, 655). Nor do we find the penalty so disproportionate as to shock the conscience of the court (*Matter of Pell v Board of Educ., supra*). Since petitioner's position was one of high public trust (*Matter of Sauer v Connelie,* 71 AD2d 770, 771, affd *sub nom. Matter of Sauer v Carey,* 50 NY2d 858), a higher standard of fitness and character is required (*Matter of Shedlock v Connelie,* 66 AD2d 433, 435, affd 48 NY2d 943). In light of petitioner's admissions, the penalty imposed was neither disproportionate nor shocking (see, e.g., *Matter of Zeggert v Connelie,* 86 AD2d 952, 953; *Matter of Major v Connelie,* 81 AD2d 718, 719). ¶ Petitioner has urged that procedural irregularities require reversal, principally in the denial of his right to have his then troop commander dispose of the complaint against him under rule 3 of the Police Administrative Manual (see 9 NYCRR 479.1 *et seq.*). That rule states in pertinent part: ¶ **"Disposition by troop or detail commander.** The troop or detail commander may dispose of the matter by: ¶ "(a) A determination that no action is warranted and that the matter is closed. * * * ¶ "(b) A determination that, in his judgment, the penalties which he can impose * * * would not be adequate punishment * * *. Upon such determination, the commander shall forward the complete report to the superintendent. ¶ "(c) A determination that, in his judgment, the penalties which he can impose * * * will be adequate punishment * * *. Upon such determination, the commander shall proceed" (9 NYCRR 479.2). The record shows that the troop

commander did not make any determination of his own but instead discussed the matter with his superior, the assistant deputy superintendent, who in effect stated that he would determine at which level the disciplinary proceedings would be handled. Theoretically, a disposition of the complaint at the troop level might have resulted in a determination to close the case, or in the imposition of a lesser penalty. ¶ Central to any determination of this contention is our interpretation of whether the word "may" in the first sentence of rule 3 requires a troop commander to process the complaint himself in the first instance, or whether such an action is merely permissive. Respondents contend that the State Police is a paramilitary organization in which the power to discipline is inherently in the chief officer and that any interpretation of rules which would *mandate* that discipline be administered by someone other than the superintendent is inconsistent with, and would undermine, the organization. We agree. The Superintendent of the Division of State Police is statutorily authorized to establish disciplinary rules and regulations for members of the organization (Executive Law, § 215, subd 3). Knowledge and understanding of the operational practices of the State Police is significant. In such instances, the courts generally defer to the agency's interpretation (see *Kurcscis v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). Moreover, in this instance, not only is the interpretation by the agency charged with responsibility for administration of this regulation reasonable, but a plain reading of the language utilized supports the conclusion that discipline at the troop commander level is a discretionary rather than a mandatory function. Had the superintendent intended otherwise, the directive "shall" instead of the word "may" would have been used in the regulation. ¶ Petitioner's remaining contentions are without merit. Having held that it was not mandatory that the troop commander make an initial determination whether to retain jurisdiction of the disciplinary proceedings, his testimony given at the hearing of another trooper on a previous day was not relevant in the instant case. Since one of the members of the hearing panel was an officer selected by petitioner's representative, it cannot be said that respondents violated 9 NYCRR 479.7 (c), which essentially empowers the superintendent to designate the members of the panel. Finally, this court has held that the practice of combining investigative, prosecutorial and adjudicative functions in one agency is not prima facie unconstitutional (*American Cyanamid Co. v Public Serv. Comm.,* 88 AD2d 1063). ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.