■ In the Matter of PATRICK J. BRADY, Petitioner, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York

State Police, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of the Division of State Police which dismissed petitioner from the Division of State Police.

The questions presented on this appeal are: (1) whether the penalty of dismissal was so disproportionate to charges proven as to be shocking to one's sense of fairness; and (2) whether the composition and designation of the hearing board violated petitioner's constitutional rights, since respondent Superintendent of the Division of State Police, or those under his authority, investigated, prosecuted, adjudicated, reviewed and decided the ultimate punishment. The latter argument has been rejected by this court on numerous occasions (*Matter of Gadway v Connelie,* 101 AD2d 974; *Matter of Cole v New York State Dept. of Educ.,* 94 AD2d 904, mot for lv to app den 60 NY2d 556). The procedures followed in this case do not require a departure from that long-standing rule.

Moreover, in view of the seriousness of the charges which were sustained, we do not find the punishment of dismissal so harsh as to warrant our interference with the judgment of the Superintendent. Petitioner was found guilty of five charges concerning the identification, securing and preservation of evidence, the neglect of duty in effecting required arrests, and gross misconduct in the reluctance to perform his duties to the extent that it brought discredit upon the Division of State Police. These charges arose out of the investigation by petitioner of the unauthorized presence one evening of a parked vehicle containing three females on or near the property of Camp Gabriels Correctional Facility, a minimum security facility in Gabriels, Franklin County. The occupants had been in contact with inmates at the facility and their presence, in the evening, first ascertained by a correction officer at the facility, alerted those in charge to the possibility of some imminent illegal activity. Thus, assistance from the State Police was requested. In the course of his investigation, petitioner came into possession of a small amount of marihuana and some unidentifiable pills. No charges were preferred for possession of the marihuana, nor was any attempt made to identify or analyze the seized pills. This evidence was, in fact, disposed of by petitioner without notification to superiors or fellow officers, nor was any entry made in any police record. The occupants of the vehicle were arrested only for trespass; two of the charges were summarily dismissed while the third person pleaded guilty and was released.

The standards of conduct for members of the State Police and procedures for violations thereof are governed by the regulations of the Division of New York State Police (9 NYCRR subtit K). Members of this quasi-military organization are held to high standards of service, fitness and trust beyond those that pertain to ordinary civil service employees (see *Matter of Alfieri v Murphy,* 38 NY2d 976). The penalty imposed is within the scope of the Superintendent's authority. Accordingly, we will not interfere with his judgment in this case (see *Matter of Bal v Murphy,* 43 NY2d 762).

Determination confirmed and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.