■ In the Matter of RICHARD STILES, Petitioner, v PETER PHELAN et al., Respondents. — Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review respondent Peter Phelan's determination which found petitioner guilty of misconduct and, *inter alia,* imposed a 30-day suspension.

Petitioner, a probation officer for St. Lawrence County, was charged with misconduct under Civil Service Law § 75 for threatening his wife and children with bodily harm and death. After a hearing, the charge, found to be job related due to petitioner's employment in a law enforcement position, was sustained. The hearing officer recommended that, *inter alia,* petitioner be suspended for a total of 60 days and fined $600. Respondent Peter Phelan, the Director of the County's Probation Department, imposed only a 30-day suspension, without a fine, and required that petitioner continue receiving professional help and that the results of the hearing be placed in petitioner's personnel file. To challenge this determination, petitioner commenced this CPLR article 78 proceeding, which has been transferred to this court.

Petitioner's claim that his wife's supporting deposition was improperly admitted into evidence at the hearing because it did not qualify under the business record exception to the hearsay rule is without merit. Compliance with the technical rules of evidence is not required in hearings such as the one afforded petitioner (Civil Service Law § 75 [2]). A sufficient foundation for the deposition was presented through the testimony of the investigating deputy sheriff, which revealed that petitioner's wife dictated and signed the deposition. The contents of the

deposition of petitioner's wife support the charge and this evidence, considered in conjunction with the testimony of the investigating deputy and respondent Phelan, is more than uncorroborated hearsay such as that found in *Matter of Eppler v Van Alstyne* (93 AD2d 930, *appeal discontinued* 60 NY2d 703), upon which petitioner erroneously relies. Accordingly, there is substantial evidence to support the administrative determination (*see, Matter of Eagle v Paterson*, 57 NY2d 831, 833).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.