■ In the Matter of ROBERT E. FARWELL, Petitioner, v DONALD O. CHESWORTH, as Superintendent of the Division of New York State Police, Respondent.—Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court Special Term, entered in Albany County) to review a determination of respondent which dismissed petitioner from the Division of State Police.

Petitioner, a State trooper assigned to the State Police canine program, in which dogs were trained for use in State Police activities, was also engaged on a part-time basis in the breeding and selling of purebred dogs from his own residence. In 1981 and 1982, petitioner accepted from two individuals two purebred German Shepherds as donations to the State Police. These dogs, however, never participated thereafter in the canine program.

In 1984, petitioner was served with charges stemming from his acceptance of the two dogs. At the ensuing hearing, testimony was received from the two individuals who had donated the dogs and from State Police Sergeant John Curry, who was in charge of the canine program. According to Curry, he was the only person authorized to accept a dog into the program. Curry also stated that petitioner never informed him about the donation of the two dogs, one of which petitioner used for breeding purposes in his own business. In an unsworn statement to the hearing panel, petitioner denied that Curry was not aware of the donation of the two dogs. Moreover, according to petitioner, it was Curry who advised him that he ought to use the dogs for breeding purposes. The hearing panel found petitioner guilty of all but one of the charges and specifications against him and recommended that he be dismissed from his job. Respondent confirmed the hearing board's conclusions and dismissed petitioner, who then commenced this CPLR article 78 proceeding to challenge respondent's determination.

The standard of review to be applied in this proceeding is whether the record contains substantial evidence to support respondent's determination (see, Matter of Gadway v Connelie, 101 AD2d 974). We will not substitute our judgment for that of respondent if the record reasonably supports his conclusion (see, Matter of Major v Connelie, 81 AD2d 718, 719). Moreover, we will not weigh the evidence presented at the hearing, including the credibility of the witnesses, in determining the issue of whether the record supports respondent's determination (see, Matter of Martin v Connelie, 97 AD2d 895, 896). Here, the testimony of Curry and the two individuals who donated the dogs demonstrates that, in violation of known rules and procedures, petitioner failed to notify Curry that the dogs had been donated for use in the program and, in fact, kept the dogs himself or improperly gave them away. In our view, the testimony of these witnesses provides substantial evidence to support respondent's determination.

Petitioner also argues that the penalty imposed upon him is excessive. The test to be applied here is whether the sanction imposed by respondent "shocks one's sense of fairness when compared to the offense and all other relevant circumstances" (Matter of Major v Connelie, supra, p 719). In view of the charges here and since petitioner's position as a State trooper was one of great sensitivity and public trust mandating a high standard of character and fitness, we will not interfere with respondent's judgment in this case (see, Matter of Brady v

*Connelie,* 105 AD2d 509, 510-511; *Matter of Gadway v Connelie, supra; Matter of Dillon v Connelie,* 93 AD2d 968; *Matter of Major v Connelie, supra).*

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.