■ In the Matter of VINCENT P. LEWIS, Petitioner, v DONALD O. CHESWORTH, as Superintendent of the New York State Police, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which dismissed petitioner from his employment as a State Trooper.

Petitioner, a State Trooper, was served with 25 charges of misconduct emanating mainly from his long-term relationship with Barbara Trayner, who allegedly used stolen checks and money orders to pay for trips and expenses for herself and petitioner. The charges allege that petitioner used coercion to prevent criminal prosecution of Trayner, failed to report her criminal conduct or cooperate in an investigation, misused his position as an officer and violated regulations pertaining to the possession and registration of a stolen weapon. Following a hearing, petitioner was found guilty of 19 charges and dismissal was recommended. Respondent adopted these find-

ings and the recommended penalty, and issued an order of dismissal. This proceeding ensued.

In *Matter of Farwell v Chesworth* (116 AD2d 802, 803), this court stated: "The standard of review to be applied in this proceeding is whether the record contains substantial evidence to support respondent's determination * * * We will not substitute our judgment for that of respondent if the record reasonably supports his conclusion * * * Moreover, we will not weigh the evidence presented at the hearing, including the credibility of witnesses, in determining the issue of whether the record supports respondent's determination". Petitioner's contention that the charges were not supported by substantial evidence is belied by a voluminous record. The testimony of many witnesses, together with petitioner's own admissions and two written statements by Trayner, provides substantial evidence to support each of the charges upon which he was found guilty.

Petitioner next contends that he was denied a fair hearing because he was unable to confront and cross-examine Trayner, who refused to testify, but whose two written statements had been admitted into evidence. We disagree. In Trayner's May 2, 1985 statement, she alleged that petitioner assaulted her. Since he was eventually acquitted of all charges predicated upon that conduct, it appears that the panel could not have prejudicially relied upon that statement. As for the charges based upon conduct described in Trayner's May 9, 1985 statement, they were either independently corroborated by other testimony *(see, Matter of Stiles v Phelan,* 111 AD2d 591, 592) or by petitioner's own admissions. Significantly, petitioner neither sought to compel Trayner's testimony by court order nor raised constitutional objections at that time.

Next, we do not find the regulations upon which the charges were based to be unconstitutionally vague and overbroad. Respondent is vested with broad discretion to establish rules and regulations to govern discipline and control the State Police force *(see, Matter of Shedlock v Connelie,* 66 AD2d 433, 434, *affd* 48 NY2d 943). The challenged regulations which form the predicate for several of the charges against petitioner are valid in that they bear a reasonable relationship to a legitimate government interest *(see, Matter of Faure v Chesworth,* 111 AD2d 578, 579). A higher standard of fitness and character pertains to police officers than to ordinary civil servants *(supra).* The overbreadth of a statute or regulation must not only be real, but substantial as well, and be judged in relation to the plainly legitimate sweep of the statute or

regulation *(Matter of Morrisette v Dilworth,* 59 NY2d 449, 453). Such a situation is not present here. It is within the State's power to regulate the conduct of its police officers even when that conduct involves the exercise of a constitutionally protected right *(supra,* at 452; *Matter of Purdy v Kreisberg,* 47 NY2d 354, 360-362). Petitioner simply has not demonstrated the irrationality of the purpose of the challenged regulations. The State has a legitimate concern and interest in maintaining the independence and integrity of its police force *(Matter of Morrisette v Dilworth, supra,* at 453). Thus, the challenges to these regulations must fail.

We have examined petitioner's remaining arguments and find them to be without merit. Given all of the circumstances presented and the serious nature of the sustained charges, it cannot be said that respondent abused his discretion in dismissing petitioner *(see, Matter of Dillon v Connelie,* 93 AD2d 968, 969).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.