■ In the Matter of SHELDON E. LEE, Petitioner, v DONALD O. CHESWORTH, as Superintendent of the Division of New York State Police, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which dismissed petitioner from his employment as a State Trooper.

Petitioner, a State Trooper, was cited for violation of various regulations of the State Police as follows: use and possession of narcotics and marihuana, in violation of regulation

8.17; failure to take proper police action when an offense of law occurred within his jurisdiction, in violation of regulation 8.4; engaging in misconduct and acting in a manner tending to bring discredit upon the State Police, in violation of regulation 8.41a (1) and (2); and making or causing a false entry to be made in official records, in violation of regulation 8.53. A hearing on the charges was held in January 1986 before a panel of three commissioned officers of the State Police (hereinafter the Board).

Testimony was elicited regarding petitioner's use of or presence when others used illicit drugs outside a nightclub in the City of Albany, during an overnight trip to the City of Syracuse, at various motels in the Albany area, at his own home in Albany and at the home of Willie Dabbs, one of the four participants on the Syracuse trip. There was also testimony adduced as to two incidents involving petitioner and Donna Rotondaro during which police were summoned because of the resultant public disturbance.

Petitioner denied all drug-related allegations. He admitted the verbal altercations with Rotondaro which he said were precipitated by her. He testified that she verbally abused him using racial epithets and he, in turn, threw a glass of wine in her face on one occasion. As to the charge for falsification of police records, evidence disclosed that petitioner called in sick on July 25, 1985. He admitted that he was not sick but that his absence resulted from his inability to get back in time from his trip to Syracuse. He also admitted that the car he traveled in to Syracuse was stopped three times by State Troopers and that petitioner used his police status to convince the State Troopers not to issue any speeding tickets.

The Board found sufficient evidence to sustain each charge of misconduct against petitioner and recommended that petitioner be removed from the State Police. Respondent adopted in full the findings of the Board and issued a determination dismissing petitioner from the State Police.

Petitioner contends in this proceeding that the evidence presented at the hearing fell below the standard required in disciplinary proceedings in that the charges were not sustained by substantial evidence. He points to the biases, prejudices and questionable credibility of the witnesses against him vis-à-vis those who corroborated his contentions. Petitioner contends that in crediting the witnesses for the State Police over his own, the substantial evidence standard was not met.

It is axiomatic that the assessment of credibility of wit-

nesses and the weight to be accorded their testimony are the province of the Board *(see, Matter of Farwell v Chesworth,* 116 AD2d 802, 803). Agency determinations in this area have been accorded considerable weight by the courts as the Board is deemed to be in a unique position to assess the credibility of witnesses *(see, Matter of Simpson v Wolansky,* 38 NY2d 391). The Board herein had full and ample opportunity to assess the credibility of the witnesses against petitioner. We note that the witnesses' lack of reliability and their biases and prejudices which might give them a motive to distort or lie were placed on the record for the Board's scrutiny. The acceptance of their testimony in support of the charges does not require independent corroboration *(see, Matter of Farry v Ward,* 70 NY2d 436). We thus conclude that the findings regarding petitioner's alleged use and possession of illicit drugs are all supported by substantial evidence.

As to the charges involving assaultive behavior by petitioner towards Rotondaro occurring in the spring of 1984 at a public restaurant* and the allegations of condoning speeding violations by others on the Syracuse trip, the record contains ample evidence to support the finding that petitioner violated regulations 8.41a (1) and (2) and 8.53. Likewise, the allegations of falsification of police records were admitted by petitioner. Thus, substantial evidence supports a finding of violation of regulations 8.41a (1) and (2) and 8.53.

On the issue of the penalty imposed, we conclude that the penalty is not so disproportionate to the misconduct charge as to be " ' "shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ.* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* The Board did not consider testimony regarding petitioner's earlier altercation with Rotondaro which was barred under Civil Service Law § 75 (4), having occurred more than 18 months before the disciplinary proceeding.