■ In the Matter of WILLIAM G. NOVOTNY, Petitioner, v THOMAS A. CONSTANTINE, as Superintendent of the Division of New York State Police, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which dismissed petitioner from the Division of State Police.

Petitioner, a State Trooper, was served with charges and specifications relating to five separate incidents of misconduct and violation of various regulations of the State Police in the period between May 11, 1987 and September 12, 1987. Testimony elicited at the resulting hearing described an incident in which petitioner, while driving off duty in his private vehicle, ran a red light and then drove his vehicle in excess of 90 miles per hour while a State Police unit on patrol gave chase. The unit called for backup and, upon being overtaken, petitioner pulled over and identified himself as a Trooper. He was verbally chastised by the pursuing officer for his recklessness. No ticket was issued but petitioner later, in a recorded telephone call to the station, called the pursuing officer a "nitwit" who failed to recognize petitioner's "right" as a Trooper to drive at high speeds with impunity. Other incidents related at the hearing described an occasion when petitioner left his assigned revolver in an unsecured locker at the State Police station and it was stolen. There was evidence that petitioner, while patrolling outside his assigned area, broke up a fight at a local fair but made no report of the matter and asked the local police to make any needed arrests since he was not in his assigned area. Petitioner was also observed, while off duty, driving an unregistered and uninsured truck and trailer bearing unauthorized dealer plates. It was also related that petitioner showed reluctance to perform his assigned desk duties on a certain date and, after a confrontation with his superior officer, signed himself off duty on sick leave.

Following submission of all proof, the Hearing Board found sufficient evidence to sustain each charge of misconduct against petitioner and recommended that petitioner be dismissed from the Division of State Police. Respondent adopted in full the findings of the Board and issued a decision terminating petitioner's employment. Thereafter, petitioner commenced a CPLR article 78 proceeding in Supreme Court which was transferred to this court pursuant to CPLR 7804 (g).

Petitioner's contention that the charges were not supported by substantial evidence must be rejected. Although petitioner basically maintains that the charges stem from misunderstandings on both his part and on the part of his fellow officers, we find that the record amply supports the sustained charges. This court has stated in the past that it will not substitute its judgment for that of respondent if his conclusion is reasonably supported by the record (see, Matter of Lewis v Chesworth, 135 AD2d 995, 996, lv denied 71 NY2d 805). Nor will we " 'weigh the evidence presented at the hearing, including the credibility of witnesses, in determining the issue of whether the record supports respondent's determination' " (supra, at 996, quoting Matter of Farwell v Chesworth, 116 AD2d 802, 803). Here, the evidence establishes petitioner's repeated violation of known rules and regulations, including the Vehicle and Traffic Law, as well as his propensity to use his status as a State Trooper to promote his own interests, thereby bringing discredit to the Division as a whole.

Petitioner also argues that the penalty of dismissal imposed upon him is excessive especially in light of petitioner's good service record. We do not agree. It is well established that "[m]uch deference is to be afforded to an agency's determination regarding a sanction, especially in situations where, as here, matters of internal discipline in a law enforcement organization are concerned" (Matter of Santos v Chesworth, 133 AD2d 1001, 1003). Given the high profile nature of petitioner's violations as well as the seriousness and repetitiveness of the offenses, we cannot conclude that the penalty of dismissal is so disproportionate to the charged misconduct that it "shocks one's sense of fairness" (supra, at 1003; see, Matter of Lee v Chesworth, 135 AD2d 1046, 1048).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.