■ In the Matter of BRIAN M. KENNEDY, Petitioner, v NEW YORK STATE POLICE, Respondent. [628 NYS2d 445] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of certain disciplinary charges and imposed a penalty.

The evidence adduced at a hearing in this matter established that on July 28, 1993, petitioner, a State Trooper, was approached by Zone Sergeant Wayne Flores and requested to accompany Flores to his office. As soon as the two arrived in Flores' office, Flores turned on a tape recorder. Avowedly assuming that Flores intended to question him concerning a complaint he had filed against Flores the previous day, petitioner indicated that he was unwilling to submit to an interview without a PBA representative being present. When petitioner began to leave the room, Flores directed petitioner to sit down. Petitioner declined and walked out of Flores' office and into the squad room. Flores followed and forcefully stated that he was giving petitioner a direct order to return to the office. Petitioner refused and proceeded into the men's locker room. Sergeant Joseph Clancy, who had witnessed the scene in the squad room, then approached petitioner, took him out into the garage area and outlined the Division of State Police's position on insubordination. Specifically, Clancy advised petitioner that, in the case where a Trooper disagreed with a superior's lawful order, he was required to obey the order and could thereafter file a grievance if he deemed it appropriate. Petitioner then gave what Clancy described as "basically a negative response" and left. At an August 4, 1993 "interrogation" concerning the matter, petitioner denied that Flores gave him a direct order or that Clancy advised him concerning the wording and intent of the Division's regulation concerning insubordination. Petitioner thereafter read a transcript of the "interrogation" and signed an attestation stating that it was "true and correct".

Based upon the foregoing evidence, which was largely uncontradicted, we conclude that there is substantial evidence in the record to support respondent's determination that petitioner was given a direct order, that he failed to obey the order and that he gave untrue responses at the subsequent "interrogation". We are unpersuaded that exercise of respondent's fact-finding power required a finding that Flores' order was unlawful, that petitioner had a sound basis for believing it to be unlawful or that petitioner was unable to hear it (see, Matter of Novotny v Constantine, 150 AD2d 852, 853; Matter of Lee v Chesworth, 135 AD2d 1046, 1047-1048). Further, in view of the fact that Clancy advised petitioner that the Division regulations required him to initially obey the direct order and that he could thereafter file a grievance, Clancy's failure to specifically identify the regulation by number did not justify petitioner's negative response to the question, "Did Sergeant Clancy explain to you the wording and the intent behind

Regulation 8.3?" Finally, we perceive no basis for disturbing respondent's construction of Division regulations 8.41 (a) (1) and 8.41 (b) and determination that petitioner violated those provisions and was guilty of misconduct and of incompetence by "displaying inadaptability and/or reluctance to perform his duties and/or neglect of his duties" (*see, Matter of Howard v Wyman*, 28 NY2d 434, 438).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.