◼ In the Matter of DANIEL P. CORRELL, JR., Petitioner, v RICHARD A. BUCCI, as Mayor of the City of Binghamton, et al., Respondents. [798 NYS2d 157]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent Richard A. Bucci which terminated petitioner's employment.

Petitioner was appointed to a permanent position on the police force of respondent City of Binghamton in 2000. On the night of March 26-27, 2003, while on a six-month suspension arising from an excessive use of force incident, petitioner and his 20-year-old girlfriend, Tiffany Lavin, consumed alcoholic beverages at several bars in the Binghamton area and then engaged in a physical altercation at petitioner's residence. Lavin

departed the residence and sought assistance from police, who observed scratches on her chest and arms and an abrasion on her chin. She gave a sworn statement indicating, among other things, that petitioner had struck her in the face with his fist, knocking her to the ground.

The City served petitioner with a statement of charges pursuant to Civil Service Law § 75 setting forth 13 grounds of alleged misconduct arising from the events of March 26-27, 2003. At the ensuing hearing, neither party called Lavin as a witness and petitioner elected not to testify. The Hearing Officer sustained eight of the charges, finding, among other things, that petitioner purchased alcoholic beverages for an individual under the age of 21, that he used his position as a police officer to get alcoholic beverages served to Lavin, and that he grabbed and struck Lavin during their dispute. A separate hearing on the penalty to be imposed resulted in the Hearing Officer recommending dismissal. Respondent Richard A. Bucci, Mayor of the City, followed the recommendation and dismissed petitioner from his job. This CPLR article 78 proceeding ensued.

We are unpersuaded by petitioner's argument that the findings of misconduct are not supported by substantial evidence. "Compliance with the technical rules of evidence is not required" in a hearing pursuant to Civil Service Law § 75 (*Matter of Stiles v Phelan*, 111 AD2d 591, 591 [1985]; *see Matter of Malloch v Ballston Spa Cent. School Dist.*, 249 AD2d 797, 798 [1998], *lv denied* 92 NY2d 810 [1998]). Here, the detailed sworn statement of Lavin, prepared shortly after the alleged incident, related, among other things, that she and petitioner drank alcoholic beverages at three bars that evening, they quarreled, petitioner shoved her out the door and he "punched" the right side of her chin. The hearsay nature of this statement does not preclude it from being considered (*see Matter of Hoffman v Village of Sidney*, 252 AD2d 844, 845 [1998]; *Matter of Stiles v Phelan, supra* at 591), and we note that petitioner did not attempt to call Lavin as a witness (*see Matter of Lewis v Chesworth*, 135 AD2d 995, 996 [1987], *lv denied* 71 NY2d 805 [1988]) nor did he elect to testify (*see Matter of Dean v Bradford*, 158 AD2d 772, 774 [1990]). Substantiating evidence was provided by the testimony of the officers who viewed Lavin's injuries, took her statement on the day of the incident and photographed her injuries. While Lavin later wrote a letter stating that she did not want petitioner to get in trouble and asserting that her chin injury actually occurred, not from a punch, but when her face hit a wall, this unsworn change in her account did not require the Hearing Officer to disregard her prior sworn state-

ment. Review of the record reveals substantial evidence supporting the findings of misconduct (*see Matter of Rogers v Sherburne-Earlville Cent. School Dist.*, 17 AD3d 823, 824 [2005]; *Matter of Novotny v Constantine*, 150 AD2d 852, 853 [1989]).

Petitioner further contends that the penalty of termination should not have been imposed. The well-settled standard of review is whether the penalty is "so disproportionate to the offense, in . . . light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974] [internal quotation marks omitted]; *see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Wade v Town of Ticonderoga*, 256 AD2d 860, 862 [1998], *lv denied* 93 NY2d 804 [1999]). Petitioner, a police officer for only a few years, was on suspension for excessive use of force on the job when he engaged in the physically abusive conduct toward Lavin. This, alone, is sufficient to sustain the penalty even without considering his additional misconduct of providing alcohol to and using the influence of his position to get alcohol served to an individual under the age of 21.

Finally, the assertion of bias by the Hearing Officer finds no support in the record (*see Matter of McLean v City of Albany*, 13 AD3d 851, 852 [2004]; *Matter of Helmer v New York State & Local Employees' Retirement Sys.*, 305 AD2d 949, 950 [2003]).

Crew III, J.P., Peters and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.