# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1434**
**TP 11-01447**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF JAMES T. HASTINGS, PETITIONER,

V                                    MEMORANDUM AND ORDER

CITY OF SHERRILL AND ROBERT A. COMIS, CITY
MANAGER, RESPONDENTS.

---

DONALD R. GERACE, UTICA, FOR PETITIONER.

SAUNDERS, KAHLER, L.L.P., UTICA (GREGORY J. AMOROSO OF COUNSEL), FOR
RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Bernadette T. Clark, J.], entered July 11, 2011) to review a determination of respondents.  The determination terminated the employment of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination terminating his employment as police chief for respondent City of Sherrill following a hearing conducted pursuant to Civil Service Law § 75.  Petitioner's employment was terminated based on, inter alia, his continued association with "person(s) notoriously suspected of illegal activities," specifically his 29-year-old son, outside the performance of petitioner's official duties.  Contrary to petitioner's contention, the departmental regulations that he was found to have violated did not impermissibly interfere with his constitutionally protected right of intimate association (*see generally Roberts v United States Jaycees*, 468 US 609, 617-619; *Matter of Morrisette v Dilworth*, 59 NY2d 449, 452).  "[I]t is well established that it is within the State's power to regulate the conduct of its police officers even when that conduct involves the exercise of a constitutionally protected right" (*Morrisette*, 59 NY2d at 452), and we reject petitioner's contention that the departmental regulations at issue here are constitutionally overbroad (*see id.* at 452-453).  Moreover, the record supports the conclusion that petitioner's termination was not impermissibly based solely on the existence of petitioner's relationship with his son but instead resulted from concern with regard to maintaining the integrity of the police department (*see Jenkins v Tyler*, 167 F Supp 2d 652, 655;

*cf. Adler v Pataki*, 185 F3d 35, 44-45).  We further note that, in light of the age of petitioner's son and the absence of any evidence that his son was mentally incapacitated, this case does not involve the constitutionally protected interest in custodial relationships between parents and their children (*see generally Troxel v Granville*, 530 US 57, 66; *Pizzuto v County of Nassau*, 240 F Supp 2d 203, 209-211).

We conclude that petitioner's contention that the charges were insufficiently specific to put him on notice thereof "was the subject of a separate unsuccessful CPLR article 78 proceeding and, as such, is precluded by the doctrine of collateral estoppel" (*Matter of Ruiz v New York State Div. of Parole*, 70 AD3d 1162, 1163; *see generally Town of Union v Pallet Co.*, 50 AD2d 628, 629, *lv denied* 38 NY2d 710).  We further conclude that the record contains substantial evidence to support the determination with respect to all of the charges (*see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182).  Finally, we have considered petitioner's remaining contentions and conclude that they are without merit, or are not properly before us because they involve a second set of charges that were not the subject of the determination before us.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court