■ In the Matter of JOHN NORTHRUP, Petitioner, v WALTER D. BROADNAX et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Civil Service Commission which placed petitioner on an involuntary leave of absence due to disability.

Petitioner was employed by the Department of Transportation (hereinafter DOT) as a bridge repair assistant. On October 15, 1985, he was placed on involuntary leave without pay for a period of one year pursuant to Civil Service Law § 72. Under that statute, if an employee is determined to be physically or mentally unfit to perform the duties of his position, the public employer may place the employee on a one-year leave of absence. After being placed on leave, petitioner appealed and a hearing was held at which testimony was taken. The pertinent facts are as follows. Petitioner suffered from asthma and he disclosed this fact to DOT at the time he was hired in 1976. Included among his duties was outdoor painting and sandblasting. Petitioner testified that normally he was assigned to these duties for only three-month stretches but that in April 1985, this assignment lasted for seven months until October 1985. He testified that this aggravated

his asthma condition and that he requested a transfer, which was denied.

The Hearing Officer recommended that petitioner be reinstated and that DOT make reasonable accommodations to rotate his work assignments during those times that outside work would most aggravate his medical condition. DOT, however, rejected these recommendations, concluding that petitioner was not physically fit to perform his duties and therefore upheld the involuntary leave. On appeal, the Civil Service Commission upheld DOT's decision. Petitioner then commenced this proceeding, which was transferred to this court pursuant to CPLR 7804 (g).

We confirm. Initially, it should be noted that DOT was under no statutory duty to make accommodations for employees determined to be incapable of performing their assigned tasks. Civil Service Law § 72 does not require that DOT first have made attempts to work around petitioner's asthma condition before imposing the involuntary leave. This was emphasized by DOT in its decision and it noted that petitioner had an absolute right under the statute to return to work within a year if he could show that he was capable of performing his duties.

Next, we turn to the question of whether the decision was supported by substantial evidence (see, Matter of Segrue v City of Schenectady, 132 AD2d 270, 273). DOT placed petitioner on leave based on the results of a medical examination performed by Dr. Libardo Rojas. Rojas, after examining petitioner, concluded that petitioner could not perform his regular duties. At the hearing, Rojas reiterated his position and described in detail the factors he took into account in reaching his conclusion. Also testifying at the hearing were two physicians on petitioner's behalf. Both expressed their opinion that petitioner could perform his duties. However, one of the physicians, a pulmonary specialist, merely stated that if on medication, petitioner could perform "for a certain period of time" and that he could work for three-month stretches as he had previously. The physician did not say petitioner could perform his duties on a continual basis. Additionally, petitioner admitted he had not been taking his medication regularly. The evidence also showed that petitioner missed substantial periods of time due to his condition.

Thus, reviewing the record as a whole, we find that there was a rational basis for DOT's decision (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231) and that it was supported by substantial evidence. Furthermore, at most, there was a

conflict in the medical testimony and it was for DOT to evaluate such testimony *(see, Matter of Butler v Regan,* 134 AD2d 698, 699; *Matter of Alexander [Levine],* 50 AD2d 694, 695).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.