■ In the Matter of KENNETH GARNES, Petitioner, v NEW YORK STATE POLICE, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of

the Supreme Court, entered in Albany County) to review a determination of the Superintendent of State Police which terminated petitioner's employment as a State Trooper.

Two Housing Authority police officers, in plain clothes, observed petitioner, an off-duty State Trooper, seated in the passenger side of a parked vehicle at a Long Island City housing project in Queens County with a piece of paper containing a white powder cupped in his left hand and a small straw being brought up to his nose by his right hand. As the two officers approached petitioner, he was observed passing the paper and straw to the driver of the vehicle, who thereafter surrendered them to the police officers. A search of the vehicle produced various forms of drug paraphernalia and a cocaine-laced cigarette, found lying on the driver's seat. The white substance inside the paper was later tested and proved to be cocaine. Petitioner and the driver were prosecuted for criminal possession of a controlled substance in the third degree, criminal possession of drug paraphernalia and loitering in the first degree; they were acquitted of the charges. Petitioner was thereafter served with charges by the Superintendent of State Police, alleging the possession of cocaine, misconduct and bringing discredit upon the Division of State Police. Petitioner was found guilty of all charges after a hearing and, upon review, was dismissed from the Division. This proceeding ensued.

The testimony of the police officers relating the events in question and the statements made to them by petitioner provide more than the requisite substantial evidence to support the determination of the Superintendent (see, Matter of Berenhaus v Ward, 70 NY2d 436). Furthermore, we do not find the punishment imposed such as to shock one's sense of fairness when compared to the offense and all other relevant circumstances (see, Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Santos v Chesworth, 133 AD2d 1001).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.