*759 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and respondent’s determination of dismissal reinstated.
In a prior article 78 proceeding challenging petitioner’s dismissal from his position as purchasing agent for respondent City of Schenectady, the Appellate Division sustained respondent’s determination that petitioner had improperly altered or permitted to be altered a bid for the purchase of city property (see, Matter of Segrue v City of Schenectady, 132 AD2d 270). That court found substantial evidence to support the determination of the Hearing Officer, as adopted by respondent’s Mayor, that a bid submitted by petitioner’s friend in the amount of $55.21 had been deliberately altered to read $155.21, so that the friend would be the highest bidder for a particular auctioned item (id., at 275). The court annulled the other counts of misconduct sustained by the Mayor, however, and remitted the matter to the Mayor for imposition of an appropriate penalty. The Mayor subsequently rendered a determination reimposing the original penalty of dismissal and this article 78 proceeding ensued.
Contrary to petitioner’s contention, the record reveals that the Mayor did not improperly base the challenged determination of dismissal on prior unestablished allegations of misconduct in petitioner’s personnel file. The record indicates that the Mayor notified petitioner that she would consider his personnel file and also gave him an opportunity to respond to it (see, Matter of Bigelow v Board of Trustees, 63 NY2d 470). Nevertheless, although the Mayor did in fact review the file, her decision makes clear that it was the sustained count of misconduct and not any allegations in petitioner’s personnel file that was the basis of her determination. The decision discusses the sustained count at length, making only passing reference to the personnel file, and noting that the fact that the prior allegations in the file were from administrators of petitioner’s own political party refuted his claim that the current disciplinary proceeding was purely political.
Thus the only issue before us is the propriety of dismissal as a penalty for the one sustained count of misconduct. In this connection, judicial review of the Mayor’s discretionary determination is limited to whether the penalty of dismissal was so disproportionate to the offense, in light of all the circumstances, as to be shocking to one’s sense of fairness (Matter of *760 Garayua v New York City Police Dept., 68 NY2d 970, 972; Matter of Pell v Board of Educ., 34 NY2d 222, 233). Petitioner’s position accorded him unsupervised discretion in awarding public contracts of up to $5,000, totaling in excess of $1,000,000 annually. Given the favoritism and breach of public trust involved, the imposed penalty is not shockingly disproportionate to petitioner’s misconduct, and it therefore must be upheld.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, with costs, and the determination dismissing petitioner from his position reinstated in a memorandum.