■ In the Matter of MARK NOLAN, Petitioner, v THOMAS A. CONSTANTINE, as Superintendent of the New York State Police, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of State Police which terminated petitioner's employment as a State Trooper.

Petitioner, a State Trooper, was served with seven charges of misconduct stemming from information gathered after he and fellow State Trooper Ty Anderson became the targets of an extensive investigation by the State Police which placed them under surveillance for suspected drug trafficking. The charges accused petitioner of violating various provisions of law and State Police rules by, among other things, operating motor vehicles at speeds in excess of the legal limits, operating improperly registered or licensed motor vehicles, carrying a firearm on duty without proper authorization, personally consuming and observing and allowing others in his vicinity to smoke marihuana without hindrance, and associating with known criminals or persons suspected to have been dealing in narcotics. Following a hearing, petitioner was found guilty by the Hearing Board of all seven charges, except the allegations in charge III accusing petitioner of selling or distributing a controlled substance. Termination was recommended. Respondent Superintendent of State Police adopted the Hearing Board's findings and recommendation and terminated petitioner. This proceeding followed.

We confirm. Although petitioner correctly observes that the activity which was the subject of the misconduct charges apparently did not result in criminal charges being filed against him, it does not follow that substantial evidence was not produced to support the charges of misconduct. Substan-

tial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). In an administrative hearing, hearsay is admissible, and may constitute substantial evidence if sufficiently relevant and probative *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). While petitioner contends that his witnesses and evidence were more credible than that produced by respondents, it is for the administrative agency to weigh the evidence and resolve any conflicting testimony *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444). In the face of substantial evidence in the record, it is not for this court to reject the credibility choices made by the agency *(supra; see, Matter of Lee v Chesworth,* 135 AD2d 1046).

The facts as demonstrated by the testimony, petitioner's own unsworn statement and the exhibits at the hearing, and the inferences reasonably drawn therefrom, convince us that the determination is sufficiently supported by the record *(see, Matter of Garnes v New York State Police,* 156 AD2d 907). With respect to the penalty, we do not conclude that the punishment of dismissal was so severe as to shock one's sense of fairness, especially when the nature of the charges and the relevant circumstances are taken into account *(see, supra; see also, Matter of Pell v Board of Educ.,* 34 NY2d 222).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.