■ In the Matter of VERMIL FLUDD, Petitioner, v ALLYN R. SIELAFF, as Correction Commissioner of the City of New York, et al., Respondents.—Determination of respondent Commissioner, dated September 10, 1990, terminating petitioner's employment as a correction officer with respondent Department of Correction, unanimously confirmed, the petition denied and this CPLR article 78 proceeding (transferred to this court by the order of Supreme Court, New York County, William P. McCooe, J., entered April 19, 1991) dismissed, without costs.

Petitioner was charged, in two specifications of official misconduct, with harboring Robert Phoenix, a fugitive wanted by New Jersey authorities for two shotgun robberies, and lying about her knowledge of Phoenix' presence in her apartment when confronted by police seeking to execute arrest warrants for him there. A third charge, pertaining to breach of standing sick leave procedures, was uncontested.

At the administrative hearing, three senior officers from the 10-man, bi-State arrest team testified that when the police

arrived at petitioner's apartment on the morning of April 8, 1989, she delayed in granting access and then, upon admitting the officers, guided them to her bedroom with the false statement that an infant was sleeping in the living room. Then, when the police showed her a picture of Phoenix, she falsely stated that she had not seen him for three weeks to a month, knowing all the while that Phoenix was at that moment hiding in the living room, where he was moments later discovered and seized by other officers.

We take judicial notice that if Phoenix had in fact committed the offenses for which he was charged in the warrant, petitioner's actions would, at least facially, constitute the crime of hindering prosecution in the third degree (Penal Law § 205.55), a Class A misdemeanor, or possibly even in the second degree (§ 205.60), a Class E felony.

To be sure, petitioner and her 17-year old daughter gave exculpatory testimony, denying any knowledge that Phoenix was a fugitive. Addressing the second charge, involving her false statement as to when she had last seen Phoenix, both she and her daughter testified that this information was given by petitioner in response to being shown a picture of Phoenix' alleged accomplice, and was therefore essentially truthful. But this conflicting evidence simply raised questions of credibility for the trier of fact to resolve. In the enduring words of Chief Judge Lehman, "courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists" *(Matter of Stork Rest. v Boland,* 282 NY 256, 267). The scope of our review is limited to the question of whether the Commissioner's determination is supported by substantial evidence, and that test is clearly satisfied here (CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-180).

We recognize that a sympathy factor permeates this case. Phoenix is the father of petitioner's two daughters. At the time of these events she was estranged from him, and while she permitted him visitation with the children, she assertedly did not allow him to remain overnight. What occurred here may well have been an unfortunate situation contrived by Phoenix the night before, leaving petitioner confronted the next morning with the hard choice between what, to her, were disagreeable alternatives. But the Commissioner was free to find that the choice she made was utterly incompatible with her position as a correction officer. And wherever our sympathies may lie, we are not free to second-guess that finding. Nor

do we find the penalty imposed here to be excessive, particularly in light of petitioner's relatively short tenure and record of absenteeism *(see, Matter of Ansbro v McGuire,* 49 NY2d 872).* Concur—Sullivan, J. P., Carro, Wallach and Smith, JJ.