■ In the Matter of PATRICK MURANO, Petitioner, v VILLAGE OF GOSHEN et al., Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent Village Board of Trustees of the Village of Goshen which suspended petitioner's employment with respondent Village of Goshen.

There is substantial evidence in the record to support the determination that petitioner was guilty of misconduct by refusing to obey a lawful order. Petitioner's supervisor testified that petitioner's duties included picking up garbage on a garbage truck and that on two consecutive days petitioner

refused, without reason, to accept such an assignment. Petitioner testified that he did not refuse the assignments, but instead asked to be assigned to lighter duty and be allowed to work on the truck at a later date because he had reinjured himself the previous work day following his return to work after his hernia operation. Petitioner's testimony merely raised questions of credibility for the trier of fact to resolve *(see, Matter of Fludd v Sielaff,* 184 AD2d 362; *Matter of Nolan v Constantine,* 166 AD2d 778). In any event, he had been medically certified to return to "regular duty" almost a month prior to the incidents in question and a subsequent visit to his doctor did not result in any limitation being placed upon petitioner's duties. Finally, in light of the evidence presented, it cannot be said that the penalty of a two-month suspension was so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Petitioner's remaining arguments have been considered and rejected for lack of merit.

Mikoll, J. P., Crew III, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.