■ In the Matter of PATRICK MURANO, Petitioner, v VILLAGE OF GOSHEN et al., Respondents. [598 NYS2d 98] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent Village Board of Trustees of the Village of Goshen which terminated petitioner's employment with respondent Village of Goshen.

Petitioner was charged, on two separate occasions, with having made an obscene comment and digital gesture while performing his duties as a laborer on a garbage truck for respondent Village of Goshen. The subject of petitioner's actions testified in detail as to the nature of both the comment and the gesture. Although petitioner denied uttering the comment, he admitted making the gesture. The testimony before respondent Village Board of Trustees of the Village of Goshen regarding petitioner's charged misconduct essentially raised matters of credibility which were for the trier of fact to resolve *(see, Matter of Nolan v Constantine,* 166 AD2d 778, 779). In our view, the decision finding petitioner guilty of misconduct is supported by substantial evidence in the record as a whole *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

As for petitioner's contention that the Village Board denied him a fair hearing in that it improperly considered his prior disciplinary proceeding in determining his punishment *(see, Matter of Murano v Village of Goshen,* 186 AD2d 975) without first giving him an opportunity to respond, it suffices to note that the Village Board specifically stated that "the findings of guilt in this proceeding in and of itself warrants *[sic]* dismissal" *(see, Matter of Segrue v City of Schenectady,* 76 NY2d 758). As a final matter, the penalty of dismissal was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Petitioner's remaining contentions have been considered and rejected for lack of merit.

Mikoll, J. P., Mercure and Crew III, JJ., concur. Adjudged

that the determination is confirmed, without costs, and petition dismissed.