■ In the Matter of BRUCE E. BRETON, Petitioner, v GERALD A. THOMPSON, as Superintendent of the Cohoes City School District, et al., Respondents. [607 NYS2d 435] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Board of Education of the Cohoes City School District which terminated petitioner's employment.

Petitioner, whose civil service employment was terminated after a hearing pursuant to Civil Service Law § 75, contends that his due process rights were violated. According to petitioner, respondents' attorney enjoyed a prior professional relationship with the Hearing Officer and the failure to disclose the relationship prior to the hearing requires a new hearing. That respondents' attorney and the Hearing Officer were employed as part-time Assistant District Attorneys in the same office for several months some seven years prior to the hearing is not, in our view, the type of relationship that, without any showing of bias, affects the fundamental fairness of the hearing process *(compare, Matter of Flores v New York State Educ. Dept.,* 146 AD2d 881, *with Matter of Romeo v Union Free School Dist.,* 64 AD2d 664, 665-666). In the absence of any evidence of the Hearing Officer's personal or financial stake in the proceeding that might create a conflict of interest, we find no due process violation in the failure to disclose the relatively brief period of common employment of the Hearing Officer and respondents' attorney by a third party several years prior to the hearing *(see, Matter of Young v Board of Educ.,* 100 AD2d 515, 516).

Petitioner also contends that respondent Board of Education of the Cohoes City School District failed to make an independent review of the facts before terminating petitioner's employment. It appears that the Board received the record, including the Hearing Officer's findings and recommendations, on December 18, 1991 and decided on December 20, 1991 to

---

adopt the Hearing Officer's findings of fact and terminate petitioner's employment. In contrast to *Matter of Ligreci v Honors* (162 AD2d 1010), where a Town Supervisor rendered his determination before he received the transcript, the Board herein had the record for a sufficient period of time to make an informed and independent judgment of the matter.

Cardona, P. J., Mercure, Weiss and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.