■ In the Matter of MARIE MILLER, Petitioner, v NEW YORK CITY DEPARTMENT OF CORRECTION et al., Respondents. [688 NYS2d 46] —Determination of respondent Commissioner of the Department of Correction, dated on or about June 18, 1997, terminating petitioner's employment as a correction officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William

Leibovitz, J.], entered March 18, 1998) dismissed, without costs.

Upon review of the record as a whole, we conclude that there is substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-180) to support the Commissioner's determination that petitioner is guilty of facilitating money laundering in her apartment and making false and misleading statements during investigatory interviews, and, accordingly, is guilty of conduct unbecoming a correction officer. Even if petitioner had not, until the arrival of the police, been aware of the illicit activity ongoing within her apartment—a contention properly rejected by the Hearing Officer as implausible in light of the large amount of contraband discovered and the relatively small size of the apartment—it is clear from the testimony that petitioner deliberately delayed police from entering her apartment for a period of 10 to 15 minutes while friends of her live-in boyfriend hurriedly attempted to hide the contraband in a manner that would have immediately apprised petitioner of the suspicious activity.

Given the gravity of the misconduct, the penalty of dismissal is not so disproportionate as to shock our sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233), petitioner's prior unblemished disciplinary record notwithstanding (*see, Matter of Fludd v Sielaff*, 184 AD2d 362, 363). Concur—Ellerin, P. J., Sullivan, Wallach and Rubin, JJ.