■ In the Matter of MICHAEL McLEAN, Petitioner, v CITY OF ALBANY et al., Respondents. [785 NYS2d 801]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent City of Albany which found petitioner guilty of misconduct and terminated his employment.

Petitioner was employed as a traffic engineering electrician with the police department of respondent City of Albany. Upon returning to his office building one day, petitioner encountered a tow truck loading a damaged police cruiser blocking his entrance to the parking lot. Petitioner responded by alighting from his vehicle and aggressively approaching the driver of the tow truck, waving his arms, and addressing the driver with profanity. Having felt physically threatened, the driver filed a complaint. As a result, the police department formally charged petitioner with violations of the department's rules of conduct, including rules prohibiting unbecoming conduct and failing to act courteously toward members of the public. After a hearing pursuant to Civil Service Law § 75, respondent Hearing Officer found that petitioner had violated the rules regarding unbecoming and discourteous conduct and recommended termination of petitioner's employment based on this incident and prior incidents. The City adopted the Hearing Officer's recommendation and terminated petitioner, who filed this CPLR article 78 proceeding seeking to annul that determination. Because it is based on substantial evidence, we confirm the determination.

Initially, petitioner has not shown any bias by the Hearing Officer. To establish a claim of hearing officer bias, petitioner was required to provide factual evidence sufficient to overcome the presumption that the hearing officer was free from bias (*see Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 523 [2004]; *Matter of Donlon v Mills*, 260 AD2d 971, 974 [1999], *lv denied* 94 NY2d 752 [1999]), and prove that "the outcome flowed from the alleged bias" (*Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834 [1989], *amended* 74 NY2d 942 [1989]). The Hearing Officer's prior employment with the City, which ended in 1988, was insufficient to create a due process violation or deprive petitioner of a fair hearing (*compare Matter of Breton v Thompson*, 200 AD2d 923 [1994], *lv denied* 83 NY2d 756 [1994]).

Petitioner's additional argument, that the department's rules of conduct only apply to police officers and not civilian employees, is unpreserved for our review based on petitioner's failure

to raise that argument before the Hearing Officer (*see Matter of Hughes v Suffolk County Dept. of Civ. Serv., supra* at 834; *Matter of Lane Constr. Corp. v Cahill*, 270 AD2d 609, 611 [2000], *lv denied* 95 NY2d 765 [2000]; *Matter of Smith v Board of Educ. of Taconic Hills Cent. School Dist.*, 235 AD2d 912, 913 [1997]). In any event, no proof was presented to support petitioner's argument that the department's rules are only applicable to certain categories of employees.

The Hearing Officer's recommendation was supported by substantial evidence, the standard of review of a determination as the result of an adjudicatory hearing held pursuant to Civil Service Law § 75 (2) (*see* CPLR 7803 [4]; *Matter of Secreto v County of Ulster*, 228 AD2d 932, 933 [1996]). The evidence included testimony from the tow truck driver and two of petitioner's coworkers that petitioner approached the driver in an agitated manner, yelling and cursing, with his arms waving, solely because the driver inadvertently blocked petitioner's way while loading the disabled vehicle onto the tow truck. Petitioner even admitted that his voice was raised and he cursed at the driver when he approached him about blocking the entranceway. Based on our review of the record, substantial evidence supports the Hearing Officer's recommendation and the City's adoption of that recommendation (*see Matter of Hoffman v Village of Sidney*, 252 AD2d 844, 845 [1998]).

Considering petitioner's aggressive and potentially threatening approach of a member of the public, his use of profanity toward that individual and his prior warnings for violating rules and orders, the penalty of termination of employment was not so disproportionate to the offense as to shock our sense of fairness (*see Matter of Bottari v Saratoga Springs City School Dist.*, 3 AD3d 832, 833 [2004]; *Matter of Murano v Village of Goshen*, 193 AD2d 1011, 1011 [1993]).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.