■ In the Matter of MICHAEL K. WELLS, Petitioner, v JOHN A. JOHNSON, as Commissioner of Children and Family Services, et al., Respondents. [856 NYS2d 292]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Children and Family Services which terminated petitioner's employment.

Petitioner was employed by the Office of Children and Family Services (hereinafter OCFS) as a Youth Division Aide 3 (herein-

---

after YDA 3) at a secure residential treatment facility for boys. In November 2003, petitioner was absent from work due to his nonwork-related heart condition which necessitated heart surgery. As a result of such health issues, petitioner will be required to take a daily maintenance dose of anticoagulant medication for life. When petitioner requested to return to work, he was referred by OCFS for a medical evaluation pursuant to 4 NYCRR 21.3 (e) to determine whether he was capable of resuming his employment duties as a YDA 3. Based upon the conclusions of two physicians that petitioner was medically unfit to perform all the requisite job duties, petitioner's reinstatement request was denied. Additionally, his employment was terminated pursuant to Civil Service Law § 73 due to his continuous absence from work for one year as a result of his nonwork-related condition. In May 2006, following a posttermination hearing, respondent Commissioner of Children and Family Services accepted the Hearing Officer's recommendation that petitioner's termination be upheld. Petitioner then commenced this CPLR article 78 proceeding, which was transferred to this Court.

Contrary to petitioner's contention, we do not find OCFS's construction and application of Civil Service Law § 73 to be irrational in determining that petitioner was not fit to perform his duties as a YDA 3. Furthermore, upon our review of the record, we find that substantial evidence supports the decision to terminate petitioner from his employment (*see* CPLR 7803 [4]; *Matter of McLean v City of Albany*, 13 AD3d 851, 853 [2004]; *Matter of Northrup v Broadnax*, 144 AD2d 754, 755 [1988]). Medical testimony established that petitioner's life-long anticoagulant therapy placed him at an increased risk of serious bleeding or death, even from minor traumas. With respect to the job duties, the record established that petitioner's position as a YDA 3 specifically requires physical restraint of combative youths, regardless of the assigned shift. Given the behavior of the facility's residents, injuries to an employee in this position can, and do, occur. Due to the physical nature of the duties involved, coupled with the effects of the anticoagulant medication that petitioner was taking, the two physicians concluded that he was medically unfit to return to his position in light of the unacceptable personal risk to himself and safety concerns for others. Although petitioner submitted conflicting medical evidence supporting his contention that he was physically able to return to work, the Commissioner's finding that petitioner was medically unable to perform the duties of a YDA 3 was rational and the determination to terminate petitioner's employment pursuant to Civil Service Law § 73 will not be disturbed.

We have reviewed petitioner's remaining contentions, including his claims that respondents acted in bad faith and in an arbitrary and capricious manner, and find them to be without merit.

Mercure, Spain, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.